UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KEVIN LEE KENNEDY,

    Plaintiff,

v.

DAN WATTS et al.,

    Defendants.

Case No. 3:17-cv-00468-MMD-WGC

ORDER

**I.   DISCUSSION**

Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a first amended civil rights complaint pursuant to 42 U.S.C. § 1983 (ECF No. 21) and has filed an application to proceed *in forma pauperis* (ECF No. 1), a motion for court intervention and appointment of counsel (ECF No. 3), and a motion to file additional pages to complaint (ECF No. 19). The Court has not yet screened the first amended complaint.

In the motion for court intervention, Plaintiff sought the Court's help because jail officials were not returning his application to proceed *in forma pauperis*.[1] The Court denies Plaintiff's motion for court intervention as moot because the Court will consider Plaintiff's application complete in light of Plaintiff attaching a letter from the White Pine County Sheriff's Office stating that they will not sign the application. (ECF No. 1-2).

---

[1] When Plaintiff initiated this case, he was a pretrial detainee in the custody of the White Pine County Sheriff's Office. (ECF No. 3).

With respect to the motion for appointment of counsel, a litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil rights claims. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel." However, the court will appoint counsel for indigent civil litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (§ 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. "Neither of these considerations is dispositive and instead must be viewed together." *Id*. In the instant case, the Court does not find exceptional circumstances that warrant the appointment of counsel. The Court denies the motion for appointment of counsel without prejudice.

The Court grants Plaintiff's motion seeking to file additional pages to his complaint (ECF No. 19). The Court will screen Plaintiff's first amended complaint (ECF No. 21) in a separate screening order.

## II. CONCLUSION

For the foregoing reasons, it is ordered that the motion for court intervention (ECF No. 3) is denied as moot.

It is further ordered that the motion for appointment (ECF No. 3) is denied without prejudice.

It is further ordered that the motion to file additional pages to complaint (ECF No. 19) is granted. The Court will screen Plaintiff's first amended complaint (ECF No. 21) in a separate screening order.

DATED: August 10, 2018.

_William G. Cobb_
UNITED STATES MAGISTRATE JUDGE