UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

KEVIN LEE KENNEDY,

                Plaintiff,

v.

DAN WATTS, *et al.*,

                Defendants.

Case No. 3:17-cv-00468-MMD-WGC

**ORDER**

**I.    DISCUSSION**

On November 19, 2018, the Court issued a screening order dismissing some claims with leave to amend, dismissing other claims without leave to amend, and permitting claims against Defendants Officer Sumrall, Officer Deeds, and Nurse Sumrall (Count III – excessive force), Defendants Watts, Henriod, Sawyer, Mingo, Lopez, Wall, and Casarez (Count IV – failure to protect), and Defendants Dzurenda, Filson, and Gittere (Count VI – procedural due process) to proceed. (ECF No. 24 at 18–19.) The Court granted Plaintiff 30 days from the date of that order to file a second amended complaint. (*Id*. at 19.) The Court specifically stated that if Plaintiff chose not to file a second amended complaint, the action would proceed only on the claims against Defendants Officer Sumrall, Officer Deeds, and Nurse Sumrall (Count III – excessive force), Defendants Watts, Henriod, Sawyer, Mingo, Lopez, Wall, and Casarez (Count IV – failure to protect), and Defendants Dzurenda, Filson, and Gittere (Count VI – procedural due process). (*Id*.) Plaintiff has not filed a second amended complaint. Therefore, pursuant to the screening order, this action shall proceed on the claims against Defendants Officer Sumrall, Officer Deeds, and Nurse Sumrall (Count III – excessive force), Defendants Watts, Henriod, Sawyer, Mingo, Lopez, Wall, and Casarez (Count IV – failure to protect), and Defendants Dzurenda, Filson, and Gittere (Count VI – procedural due process).

The Court recognizes that Plaintiff states claims against multiple defendants, including the following NDOC officials: Dzurenda, Filson, and Gittere. Because most of the named defendants

are White Pine County employees, the Court will not refer this case to the Inmate Early Mediation Program. Instead, this case will proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure. The Court previously granted Plaintiff's application to proceed *in forma pauperis*. (ECF No. 24 at 17.)

## II. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that, pursuant to the Court's screening order (ECF No. 24), this action shall proceed on the claims against Defendants Officer Sumrall, Officer Deeds, and Nurse Sumrall (Count III – excessive force), Defendants Watts, Henriod, Sawyer, Mingo, Lopez, Wall, and Casarez (Count IV – failure to protect), and Defendants Dzurenda, Filson, and Gittere (Count VI – procedural due process).

**IT IS FURTHER ORDERED** that as to **Defendants Officer Sumrall, Officer Deeds, Nurse Sumrall, Watts, Henriod, Sawyer, Mingo, Lopez, Wall, and Casarez**:

- The Clerk of Court shall issue summonses for Defendants Officer Sumrall, Officer Deeds, Nurse Sumrall, Watts, Henriod, Sawyer, Mingo, Lopez, Wall, and Casarez and deliver the same, to the U.S. Marshal for service.
- The Clerk shall send to Plaintiff ten (10) USM-285 forms. The Clerk also shall send enough copies of the first amended complaint (ECF No. 21) and this order to the U.S. Marshal for service on Defendants. Plaintiff shall have thirty (30) days within which to furnish to the U.S. Marshal the required USM-285 forms with relevant information as to each Defendant on each form.
- Within twenty (20) days after receiving from the U.S. Marshal a copy of the USM-285 forms showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which Defendant(s) were served and which were not served, if any.
- If Plaintiff wishes to have service again attempted on an unserved Defendant(s), then a motion must be filed with the Court identifying the unserved Defendant(s) and specifying a more detailed name and/or address for said Defendant(s), or whether some other manner of service should be attempted.

**IT IS FURTHER ORDERED** that as to **Defendants Filson, Dzurenda, and Gittere**:

- The Clerk of the Court shall electronically SERVE a copy of this order and a copy of Plaintiff's first amended complaint (ECF No. 21) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the docket sheet. This does not indicate acceptance of service.

- Subject to the findings of the screening order (ECF No. 24), within twenty-one (21) days of the date of entry of this order, the Attorney General's Office shall file a notice advising the Court and Plaintiff of: (a) the names of the defendants for whom it accepts service; (b) the names of the defendants for whom it does not accept service, and (c) the names of the defendants for whom it is filing the last-known-address information under seal. As to any of the named defendants for whom the Attorney General's Office cannot accept service, the Office shall file, under seal, but shall not serve the inmate Plaintiff the last known address(es) of those defendant(s) for whom it has such information. If the last known address of the defendant(s) is a post office box, the Attorney General's Office shall attempt to obtain and provide the last known physical address(es).

- If service cannot be accepted for any of the named defendant(s), Plaintiff shall file a motion identifying the unserved defendant(s), requesting issuance of a summons, and specifying a full name and address for the defendant(s). For the defendant(s) as to which the Attorney General has not provided last-known-address information, Plaintiff shall provide the full name and address for the defendant(s).

- If the Attorney General accepts service of process for any named defendant(s), such defendant(s) shall file and serve an answer or other response to the first amended complaint within sixty (60) days from the date of this order.

**IT IS FURTHER ORDERED** that service must be perfected within ninety (90) days from the date of this order pursuant to Fed. R. Civ. P. 4(m).

**IT IS FURTHER ORDERED** that Plaintiff shall serve upon defendant(s) or, if an appearance has been entered by counsel, upon their attorney(s), a copy of every pleading, motion

or other document submitted for consideration by the Court. Plaintiff shall include with the original document submitted for filing a certificate stating the date that a true and correct copy of the document was mailed or electronically filed to the defendants or counsel for the defendants. If counsel has entered a notice of appearance, Plaintiff shall direct service to the individual attorney named in the notice of appearance, at the physical or electronic address stated therein. The Court may disregard any document received by a district judge or magistrate judge which has not been filed with the Clerk, and any document received by a district judge, magistrate judge, or the Clerk which fails to include a certificate showing proper service.

DATED: January 3, 2019.

_____
UNITED STATES MAGISTRATE JUDGE