UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

Kevin Lee Kennedy,

Plaintiff,

v.

Dan Watts, *et al.*,

Defendants.

Case No. 3:17-cv-00468-MMD-CBC

ORDER

Plaintiff, Kevin Lee Kennedy, who is in the custody of the Nevada Department of Corrections (NDOC), alleges claims under 42 U.S.C. § 1983. (ECF No. 21.) This case was originally referred to Magistrate Judge William Cobb and reassigned to Magistrate Judge Carla Baldwin Carry. (ECF No. 43.) On March 18, 2019, Judge Carry issued a minute order denying Plaintiff's motion identifying unserved defendants (ECF No. 48) as moot since the unserved defendants were identified by the Summons that were returned the day before Plaintiff filed his motion. (ECF No. 60.) Plaintiff filed an objection ("Objection") (ECF No. 62) which the Court will overrule.[1]

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. *See* 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); L.R. IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR

---

[1] Defendants filed a motion for extension of time to respond (ECF No. 68), which the Court will grant. Accordingly, the Court has considered Defendants' response (ECF No. 71).

IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law."). "A finding of fact is clearly erroneous if it is (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Red Lion Hotels Franchising, Inc. v. MAK, LLC*, 663 F.3d 1080, 1087 (9th Cir. 2011) (citation and quotation marks omitted). But a magistrate judge's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) is not subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court." *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Plaintiff cannot show that Judge Carry's decision is clearly erroneous or contrary to law because, as Judge Carry found, his motion to identify unserved defendants was moot since the information as to who were not served was filed the day after Plaintiff filed his motion. (ECF No. 60.) Plaintiff also objects to the extent the two unserved defendants he had inquired about—Deputy Wall and Timothy Filson—were not served. (ECF No. 62 at 3–4.) However, Judge Carry determined that the U.S. Marshals ("USM") were not able to serve these defendants because Wall no longer works for White Pine County Sherriff's Office and because the USM were unable to locate Filson at the address Plaintiff has provided after making three attempts. (ECF No. 60.) Plaintiff cannot show that Judge Carry's ruling is the result of clear error. For these reasons, the Court overrules Plaintiff's Objection.

Plaintiff's Objection raises other issues that were not the subject of Judge Carry's minute order and is therefore not properly part of his Objection. The Court will nevertheless address Plaintiff's contention that this case was not properly referred to Judge Carry. Plaintiff makes conjecture about the reason why this case was reassigned to Judge Carry, but the reassignment order issued on February 28, 2019 (ECF No. 43) was apparently due to a conflict presented by the appearance of Judge Cobb's former colleagues on behalf of some of the defendants on February 27, 2019. (*See* Answer to Amended Complaint filed by Brent Ryman of Erickson, Thorpe & Swainston, Ltd. (ECF No 41).) Plaintiff also asserts that he has not consented for this case to be referred to Judge Carry.

Plaintiff is correct that he has not consented to Judge Carry presiding over this case under 28 U.S.C. § 636(c). However, this case is referred to Judge Carry for the purposes of resolving pretrial issues pursuant to 28 U.S.C. § 636(b). Such referral does not require the parties' consent.

For the foregoing reasons, the Court overrules Plaintiff's Objection (ECF No. 62). The Court also grants Defendants' motion for extension of time (ECF No. 68).

DATED THIS 5th day of July 2019.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE