AARON D. FORD
  Attorney General
GERRI LYNN HARDCASTLE, Bar No. 13142
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, Nevada 89701-4717
Tel: (775) 684-1134
E-mail: ghardcastle@ag.nv.gov

*Attorneys for Defendants
James Dzurenda and William Gittere*

FILED ✓   RECEIVED
ENTERED   SERVED ON
          COUNSEL/PARTIES OF RECORD

JUL 31 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA    ORDER

| | |
|---|---|
| KEVIN LEE KENNEDY,<br><br>          Plaintiff,<br><br>vs.<br><br>DAN WATTS, et al.,<br><br>          Defendants. | Case No. 3:17-cv-00468-MMD-CBC<br><br>**DEFENDANTS DZURENDA AND GITTERE'S MOTION FOR ENLARGEMENT OF TIME TO MOVE FOR SUMMARY JUDGMENT**<br>(Second Request) |

Defendants, James Dzurenda and William Gittere, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby move this Honorable Court for an enlargement of time to move for summary judgment

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.    FACTS AND RELEVANT PROCEDURAL HISTORY**

This case is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 21 at 1. Plaintiff, Kevin Kennedy (Plaintiff), is an inmate who is currently incarcerated at Ely State Prison (ESP). *Id.* In his First Amended Complaint (FAC), Plaintiff alleges, among other claims, that Defendants James Dzurenda and William Gittere (the NDOC Defendants) violated his Fourteenth Amendment right to due process by housing him in administrative segregation for over five months without giving him notice or an opportunity to be heard. ECF No. 24 at 15.

On July 3, 2019, the NDOC Defendants filed their Motion for Enlargement of Time to Move for Summary Judgment (First Request). ECF No. 83. The NDOC Defendants explained that due to short-

staffing in the Bureau of Litigation, counsel's workload had dramatically increased and she was unable to complete her clients' motion for summary judgment (MSJ) by the deadline in the Scheduling Order. *Id.* at 2. Defendants and their counsel therefore requested an additional two (2) weeks, or up to and including Wednesday, July 17, 2019, to file their MSJ. *Id.* This Court graciously granted that request. ECF No. 85.

Unfortunately, counsel's request of two (2) weeks was overly optimistic and ambitious. Moreover, counsel is currently in the process of preparing for an upcoming jury trial before the United States District Court (*see Gruber v. Gedney, et al.*, Case No. 3:15-cv-00543-RCJ-CBC, ECF No. 134), and drafting an answering brief to submit to the Ninth Circuit (*see Friedman v. Woods, et al.*, Case No. 19-16136, DktEntry 2-1). Accordingly, Defendants and their counsel respectfully request this Honorable Court allow them up to and including Friday, August 16, 2019, to file their MSJ.

## II. DISCUSSION

### A. Fed. R. Civ. P. 6(b)(1) allows this Court to extend deadlines.

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's

///

diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### B. Good cause exists to enlarge the time for Defendants to respond.

Here, the NDOC Defendants are making a second request for additional time to move for summary judgment in advance of the deadline to do so. Therefore, they must demonstrate good cause for the requested enlargement. As stated, they additional time to file their MSJ, because short-staffing in this Bureau of Litigation at the Office of the Attorney General has dramatically increased counsel's current workload. They also need additional time, because their counsel is currently preparing for a jury trial and drafting an answering brief for the Ninth Circuit. Counsel believed she could complete the MSJ with just two (2) additional weeks, but she was mistaken. Accordingly, the NDOC Defendants and counsel seek up to and including Friday, August 16, 2019, to file their MSJ. The NDOC Defendants seek this enlargement in good faith and not for the purpose of any unnecessary delay. Lastly, the NDOC Defendants do not anticipate any unfair prejudice Plaintiff or the other defendants who have appeared in this case.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Honorable Court grant their Motion for Enlargement of Time (Second Request) and allow them up to and including Friday, August 16, 2019, to file their motion for summary judgment.

DATED this 17th day of July, 2019.

AARON D. FORD
Attorney General

By: _____
GERRI LYNN HARDCASTLE, Bar No. 13142
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE

DATED: 7/31/2019