1  AARON D. FORD
   Attorney General
2  GERRI LYNN HARDCASTLE, Bar No. 13142
   Deputy Attorney General
3  State of Nevada
   Public Safety Division
4  100 N. Carson Street
   Carson City, Nevada 89701-4717
5  Tel: (775) 684-1134
   E-mail: ghardcastle@ag.nv.gov
6
   *Attorneys for Defendants*
7  *James Dzurenda and William Gittere*



FILED ___  RECEIVED ___
ENTERED ___  SERVED ON ___
COUNSEL/PARTIES OF RECORD

JUL 31 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA      ORDER

KEVIN LEE KENNEDY,

    Plaintiff,

vs.

DAN WATTS, et al.,

    Defendants.

Case No. 3:17-cv-00468-MMD-CBC

**DEFENDANTS DZURENDA AND GITTERE'S MOTION FOR ENLARGEMENT OF TIME TO MOVE FOR SUMMARY JUDGMENT**
(First Request)

Defendants, James Dzurenda and William Gittere, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Gerri Lynn Hardcastle, Deputy Attorney General, hereby move this Honorable Court for an enlargement of time to move for summary judgment

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   FACTS AND RELEVANT PROCEDURAL HISTORY**

This case is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 21 at 1. Plaintiff, Kevin Kennedy (Plaintiff), is an inmate who is currently incarcerated at Ely State Prison (ESP). *Id.* In his First Amended Complaint (FAC), Plaintiff alleges, among other claims, that Defendants James Dzurenda and William Gittere (the NDOC Defendants) violated his Fourteenth Amendment right to due process by housing him in administrative segregation for over five months without giving him notice or an opportunity to be heard. ECF No. 24 at 15.

According to this Court's Scheduling Order, motions for summary judgment must be filed and served by Wednesday, July 3, 2019. ECF No. 45 at 3. The NDOC Defendants are unfortunately unable

to comply with this deadline. Recently, multiple attorneys in the Bureau of Litigation, Public Safety Division, have left the Office of the Attorney General, and those attorneys have not yet been replace. The Public Safety Division is therefore severely short-staffed at this time. The burden this has placed on the attorneys remaining in the division, including Defendant's counsel, is dramatic and prevents the timely filing of the NDOC Defendants' motion for summary judgment. Accordingly, the NDOC Defendants respectfully request two (2) additional weeks, or up to and including Wednesday, July 17, 2019, to file their motion for summary judgment.

## II. DISCUSSION

### A. Fed. R. Civ. P. 6(b)(1) allows this Court to extend deadlines.

District courts have inherent power to control their dockets. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Oliva v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992). Fed. R. Civ. P. 6(b)(1) governs enlargements of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

"The proper procedure, when additional time for any purpose is needed, is to present to the Court a timely request for an extension before the time fixed has expired (*i.e.*, a request presented before the time then fixed for the purpose in question has expired)." *Canup v. Miss. Valley Barge Line Co.*, 31 F.R.D. 282, 283 (D.Pa. 1962). The *Canup* Court explained that "the practicalities of life" (such as an attorney's "conflicting professional engagements" or personal commitments such as vacations, family activities, illnesses, or death) often necessitate an enlargement of time to comply with a court deadline. *Id.* Extensions of time "usually are granted upon a showing of good cause, if timely made." *Creedon v. Taubman*, 8 F.R.D. 268, 269 (D.Ohio 1947). The good cause standard considers a party's diligence in seeking the continuance or extension. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

### B. Good cause exists to enlarge the time for Defendants to respond.

Here, the NDOC Defendants are requesting additional time to respond in advance of the deadline to do so. Therefore, they must demonstrate good cause for the requested enlargement. As

stated, they need two (2) additional weeks to file their motion for summary judgment, because their counsel is unable to complete the filing in compliance with the deadline in the Scheduling Order due to the manner in which short-staffing in this bureau of the Office of the Attorney General has impacted counsel's current workload. The NDOC Defendants seek this enlargement in good faith and not for the purpose of any unnecessary delay. Lastly, the short enlargement requested should not unfairly prejudice Plaintiff or the other defendants who have appeared in this case.

### III. CONCLUSION

Based on the foregoing, Defendants respectfully request that this Honorable Court grant their Motion for Enlargement of Time and allow them up to and including Wednesday, July 17, 2019, to respond to file their motion for summary judgment.

DATED this 3rd day of July, 2019.

AARON D. FORD
Attorney General

By: _____
GERRI LYNN HARDCASTLE, Bar No. 13142
Deputy Attorney General

*Attorneys for Defendants*

IT IS SO ORDERED

_____
U.S. MAGISTRATE JUDGE

DATED: 7/31/2019