UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| KEVIN LEE KENNEDY, | Case No. 3:17-CV-0468-MMD-CBC |
| Plaintiff, | **ORDER** |
| v. | |
| DAN WATTS, et al., | |
| Defendants. | |

Before the court is the NDOC defendants' motion for leave to file confidential documents under seal in support of defendants' motion for summary judgment. (ECF No. 93).

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." See Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). "'Throughout our history, the open courtroom has been a fundamental feature of the American judicial system. Basic principles have emerged to guide judicial discretion respecting public access to judicial proceedings. These principles apply as well to the determination of whether to permit access to information contained in court documents because court records often provide important, sometimes the only, bases or explanations for a court's decision.'" Oliner v. Kontrabecki, 745 F.3d 1024, 1025 (9th Cir. 2014) (quoting Brown & Williamson Tobacco Corp. v. F.T.C., 710 F.2d 1165, 1177 (6th Cir. 1983)).

Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. See Kamakana, 447 F.3d at 1178. Otherwise, "a strong

presumption in favor of access is the starting point." *Id.* (internal quotation marks and citation omitted). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016), *cert. denied*, 137 S.Ct. 38 (Oct. 3, 2016) (quoting *United States v. Amodeo (Amodeo II)*, 71 F.3d 1044, 1048 (2nd Cir. 1995); *Valley Broad Co. v. U.S. Dist. Court-D. Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986)).

There are two possible standards a party must address when it seeks to file a document under seal: the compelling reasons standard or the good cause standard. *See Center for Auto Safety*, 809 F.3d at 1096-97. Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* (quoting *Kamakana*, 447 F.3d at 1179). "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 599 (1978)). "Examples include when a court record might be used to 'gratify private spite or promote public scandal,' to circulate 'libelous' statements, or 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon*, 435 U.S. at 598-99).

*Center for Auto Safety* described the good cause standard, on the other hand, as the exception to public access that had been applied to "sealed materials attached to a discovery motion unrelated to the merits of a case." *Id.* (citing *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213-14 (9th Cir. 2002)). "The 'good cause language comes from Rule 26(c)(1), which governs the issuance of protective orders in the discovery process: 'The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id.* (citing Fed. R. Civ. P. 26(c)).

The Ninth Circuit has clarified that the key in determining which standard to apply in assessing a motion for leave to file a document under seal is whether the documents proposed for sealing accompany a motion that is "more than tangentially related to the merits of a case." *Center for Auto Safety*, 809 F.3d at 1101. If that is the case, the compelling reasons standard is applied. If not, the good cause standard is applied.

Here, defendants seek to file exhibits under seal in connection with their motion for summary judgment (ECF No. 92) which is unquestionably "more than tangentially related to the merits of a case." Therefore, the compelling reasons standard applies.

Defendants seek leave to file plaintiff's PSI report under seal because these records contain relevant, yet sensitive information, which have been long considered to be confidential documents which inmates are prohibited from keeping in their cells for reasons of security and safety. Courts generally defer to the judgement of prison officials in the matters of security. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). *See also Norwood v. Vance*, 591 F.3d 1062, 1066 (9th Cir. 2009).

Balancing the need for the public's access to information regarding plaintiff's records against the need to promote plaintiff's confidentiality and institutional safety and security weighs in favor of sealing these exhibits. Therefore, defendants' motion to seal (ECF No. 93) is **GRANTED**. The exhibit (ECF No. 94) is filed and shall remain under seal.

**IT IS SO ORDERED.**

DATED: 12/23/2019

_____
UNITED STATES MAGISTRATE JUDGE