UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

KEVIN LEE KENNEDY,

              Plaintiff,

v.

DAN WATTS, *et al.*,

              Defendants.

Case No. 3:17-cv-00468-MMD-CLB

ORDER

## I. SUMMARY

Plaintiff Kevin Lee Kennedy brings this civil rights case under 42 U.S.C. § 1983.[1] Magistrate Judge Carla L. Baldwin has issued a Report and Recommendation ("R&R") (ECF No. 109), recommending that the Court grant Defendants Nevada Department of Corrections ("NDOC") Director James Dzurenda and Warden Williams Gittere's (collectively, "NDOC Defendants") motion for summary judgment (ECF No. 92). Kennedy has objected to the R&R ("Objection"). (ECF No. 115.) The Court accepts the R&R in full, finding no need to await a response from NDOC Defendants.

## II. BACKGROUND

Kennedy is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). This action concerns events pertaining to Kennedy's transfer from the White

///
///
///

---

[1] Plaintiff was allowed to proceed with claims against Defendants Officer Sumrall, Officer Deeds, and Nurse Sumrall (Count III – excessive force), Defendants Watts, Henriod, Sawyer, Mingo, Lopez, Wall, and Casarez (Count IV – failure to protect), and Defendants James Dzurenda, Filson, and Williams Gittere (Count VI – procedural due process) only. (ECF No. 24 at 19; *see also generally* ECF No. 24.) The instant order concerns only Defendants Dzurenda and Gittere. The claim against Filson was dismissed. (ECF No. 99).

Pine County Jail to Ely State Prison ("ESP") as a "safe keeper". (ECF No. 21.) He seeks monetary, declaratory and injunctive relief. (*Id.* at 123, 129, 156.)

On screening, Kennedy was allowed to proceed on a single claim for denial of due process related to his placement and retention in administrative segregation at ESP (Count VI) against NDOC Defendants. (ECF No. 24 at 14–15.) Kennedy's relevant allegations are essentially that he was not granted notice and an opportunity to present his views regarding his transfer from White Pine County Jail to ESP and being kept at the latter in segregation for over five months. (*E.g.*, ECF No. 21 at 123, 127, 129.)

Further background regarding this matter is included in the R&R (ECF No. 109), which the Court adopts.

## III. LEGAL STANDARD

### A. Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

In light of Kennedy's Objection, the Court conducts *de novo* review to determine whether to adopt the R&R. Having reviewed the R&R, the briefs relating to NDOC Defendants' motion for summary judgment and accompanying exhibits (ECF Nos. 92, 92-

///

///

///

2

1, 92-2, 92-3, 92-4, 102),[2] as well as the amended complaint (ECF No. 21), the Court agrees with Judge Baldwin.

**B.     Summary Judgment Standard**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. Moreover, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

///

---

[2]No reply was filed.

**IV.    DISCUSSION**

In the R&R, Judge Baldwin recommends that the Court grant summary judgment for NDOC Defendants, finding: (1) Kennedy has no protected liberty interest; and (2) even if he did, he was afforded the requisite due process and therefore suffered no constitutional violation. (ECF No. 109 at 5, 9.) In his Objection, Kennedy minimally addresses Judge Baldwin's first finding and largely focuses on the second issue, contending that disputes of material facts exist to allow him to proceed to trial. (*See generally* ECF No. 115.)[3] The Court agrees with Judge Baldwin on the first finding and will therefore adopt the R&R and not consider her second finding.

The Due Process Clause of the United States Constitution prohibits a state from depriving any person "of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. The Court analyzes a procedural due process claim in two-steps. At the first step, the Court asks "whether there exists a liberty . . . interest" which the state has interfered with. *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). At the second step, the Court "examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Id.* Clearly then, where there is no liberty interest upon considering step one, the Court need not analyze step two.

Relevant to the liberty interest issue, Kennedy's key argument is that he was a pretrial detainee at the time he was transferred and placed in administrative segregation and thus the caselaw Judge Baldwin relied on—which applies to prisoners—does not apply to him. (ECF No. 115 at 1, 8–10.) While it is true that caselaw recognizes the different situatedness of pretrial detainees and prisoners, that is irrelevant here. Kennedy expressly asserted in his amended complaint that he was transferred after he was convicted. (*See* ECF No. 21 at 123 (stating that "Plaintiff was transported to E.S.P. the same day that he

///

///

---

[3]Kennedy stresses that he should be given the opportunity to cross-examine NDOC Defendant's witnesses—particularly declarant Tasheena Sandoval. (*E.g.*, ECF No. 115 at 5–6, 14–15; *see also* ECF No. 92-3.)

4

was found guilty at his jury trial").)[4] In evaluating Kennedy's amended complaint, the Court's screening order was also expressly grounded on that fact. (*See* ECF No. 24 at 14 ("Because Plaintiff was convicted at the time he was transferred to ESP, the Court will review Plaintiff's claims under the basis that he was convicted during his time at ESP.").) Kennedy cannot now seek to overcome summary judgment by insisting—contrary to his own assertions—that he was a pretrial detainee when he was transferred to ESP and held in administrative segregation there.

In light of the timing of Kennedy's conviction and transfer, the Court finds that Judge Baldwin's conclusion that Kennedy has no protected liberty interest to maintain the instant claim under the Due Process Clause is amply supported by caselaw. *See, e.g.*, *Sandin v. Conner*, 515 U.S. 472, 478, 484, 486–87 (1995) (explaining that an inmate has no protected liberty interest related to prison officials' actions, including segregation and transfer, that fall within "the normal limits or range of custody which the conviction has authorized the [s]tate to impose"); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("Neither, in our view, does the Due Process Clause in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system."); *Serrano v. Francis*, 345 F.3d 1071, 1078 (9th Cir. 2003) (citations omitted) ("Typically, administrative segregation in and of itself does not implicate a protected liberty interest."); *Resnick v. Hayes,* 213 F.3d 443, 449 (9th Cir. 2000) (holding that the pre-sentencing prisoner had no liberty interest in being free from administrative segregation).

While a state may create liberty interests, under *Sandin* and in this context, such interests are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484 (internal citations

///

---

[4] In *Bell v. Wolfish*, the United States Supreme Court defined pretrial detainees as "those persons who have been charged with a crime but who have not yet been tried on the charge." 441 U.S. 520, 523 (1979).

1 omitted). In this regard, the Court also agrees with Judge Baldwin that Kennedy provides
2 no evidence suggesting that he has been subjected to anything beyond typical
3 administrative segregation (ECF No. 109 at 7). *See, e.g.*, *Freitas v. Ault,* 109 F.3d 1335,
4 1337 (8th Cir. 1997) (internal citation omitted) ("We believe that as a matter of law these
5 conditions of [standard administrative segregation] do not constitute an 'atypical and
6 significant' hardship, . . . when compared to the burdens of ordinary prison life."). Further,
7 Kennedy does not argue that Nevada law creates a liberty interest in non-consensual
8 prison transfer requiring due process protection. Kennedy's claim for violation of his
9 procedural due process therefore fails because he has established no protected liberty
10 interest here. Accordingly, the Court finds that NDOC Defendants are entitled to summary
11 judgment on the single claim against them.[5]

## V.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation (ECF No. 109) is accepted and adopted in its entirety. The Court overrules Kevin Lee Kennedy's Objection (ECF No. 115).

It is further ordered that NDOC Defendants James Dzurenda and Williams Gittere's motion for summary judgment (ECF No. 92) is granted.

DATED THIS 23rd day of January 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

---

[5]The Court need not consider NDOC Defendants' other arguments (*e.g.*, personal participation and qualified immunity) (*see* ECF No. 92 at 6–8, 10–15).

6