UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN LEE KENNEDY,<br><br>    Plaintiff,<br>v.<br><br>DAN WATTS, *et al.*,<br><br>    Defendants. | Case No. 3:17-cv-00468-MMD-CLB<br><br>ORDER |

**I.     SUMMARY**

Plaintiff Kevin Lee Kennedy brings this civil rights case asserting claims under 42 U.S.C. § 1983. Magistrate Judge Carla L. Baldwin issued a Report and Recommendation ("R&R") (ECF No. 117), recommending that the Court grant Defendants'[1] (collectively, "White Pine Defendants") motion for summary judgment (ECF No. 84). Objections to the R&R were due by February 6, 2020, but none has been filed. The Court accepts the R&R in full.

**II.    BACKGROUND**

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC).[2] This action concerns events that occurred while Kennedy was a pretrial detainee at the White Pine County Jail ("WPCJ"). (ECF No. 21).

Upon screening, Plaintiff was allowed to proceed on two claims (Counts III and IV) against the relevant Defendants. (ECF No. 24 at 8–11, 18.) Count III is a claim for excessive force asserted against Caleb Sumrall, Terrence Deeds, and Brandi Sumrall. (*Id.* at 8, 18.) Plaintiff contends that these Defendants used excessive force in connection with

///

---

[1]Defendants and associated claims are specifically identified *infra*.

[2]The Court previously granted summary judgment in favor of NDOC Defendants. (*See* ECF No. 116.)

a blood draw in violation of his rights under the Fourth Amendment. (*Id.* at 8–9.) Count IV is a claim for failure to protect asserted against Dan Watts, Scott Henriod, Sawyer, Nathan Mingo, Nick Lopez, Wall,[3] and Shannon Casarez. (*Id.* at 9–11.) Plaintiff's claim is particularly that these Defendants failed to protect him from assault by another inmate who Defendants knew was violent and mentally ill. (*Id.* at 10–11; ECF No. 21 at 72, 75, 78.)

Further background regarding this matter is included in the R&R (ECF No. 117), which the Court adopts.

## III.    LEGAL STANDARD

### A.    Review of Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").

Although there is no objection, the Court conducts de novo review to determine whether to adopt the R&R. Having reviewed the R&R, the pertinent briefs (ECF Nos. 84, 105, 106) and accompanying exhibits (ECF Nos. 84-1, 84-2, 84-3, 84-4, 84-5, 84-6, 84-7,

///

---

[3] While Wall is noted among the Defendants, Wall is not listed as part of Defendants' summary judgment briefing (ECF Nos, 84, 106). Further, no proof of service has been filed to show service of process on Wall. (ECF No. 59 (noting "[u]nable to locate as to Wall").) The Court will therefore assume that Wall has never been served in this action and will therefore dismiss the claim as against him under Fed. R. Civ. P. 4(m). Moreover, the same reasoning supporting summary judgment against the other Defendants apply against Wall. The Court also notes, as the R&R provides, Defendant "Shady" was dismissed as service was not effectuated. (*See* ECF No. 99; ECF No. 117 at 1 n.2).

84-8, 84-9, 84-10; ECF No. 105 at 20–146; ECF Nos. 110, 110-1 (reflecting resubmitted delivery of video concerning Plaintiff's blood draw)), the Court agrees with Judge Baldwin.

### B. Summary Judgment Standard

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fischbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986)

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

## IV. DISCUSSION

In the R&R, Judge Baldwin concluded that there are no disputes of material fact to preclude granting summary judgment for Defendants on either of Plaintiff's noted claims. (ECF No. 117 at 8–9.) This Court finds accordingly.

Preliminarily, the Court notes that the R&R properly reflects the applicable legal frameworks (*see* ECF No. 117 at 6–7, 9). The Court will therefore not rehash them here.

As to Plaintiff's claim of excessive force related to the blood draw, Judge Baldwin specifically concluded that uncontradicted evidence shows that Plaintiff refused to submit to a lawful blood draw and Defendants used appropriate force to obtain his blood sample. (*Id.* at 8.) Having reviewed that evidence—particularly the DVD with multiple videos on file—the Court agrees. The Court will therefore grant summary judgment for Defendants Officer Sumrall, Officer Deeds, and Nurse Sumrall on Plaintiff's Count III claim for excessive force.

As to Plaintiff's claim of failure to protect, Judge Baldwin concluded that summary judgment was warranted based on Plaintiff's own deposition testimony, which Defendants provided (ECF No. 84-1 at 49–54), and lack of any counter evidence by Plaintiff to create a genuine dispute on the claim. The Court agrees that summary judgment is warranted based on the evidence and facts established. The Court will therefore grant summary judgment for Defendants Watts, Henriod, Sawyer, Mingo, Lopez, and Casarez on Plaintiff's Count IV claim for failure to protect.[4]

In sum, the Court finds in accord with the R&R and therefore adopts it in full.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation (ECF No. 117) is accepted and adopted in its entirety.

It is further ordered that Defendants' motion for summary judgment (ECF No. 84) is granted.

It is further ordered that claims against Defendant Wall is dismissed as it appears upon review of the docket that Wall was never served in this action.

///

---

[4]The Court does not reach Defendants' additional arguments (*see* ECF No. 84 at 25–27).

The Clerk of the Court is directed to enter judgment accordingly and close this case.

DATED THIS 11th day of February 2020.

    /s/ Miranda M. Du
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE